## IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

### Civil Division

| | |
|---|---|
| KATELYN D. EDWARDS, Administrator *Pendente Lite* of the Estate of JAMAIN ALLEN STEPHENS, Deceased and on behalf of all Wrongful Death Beneficiaries of JAMAIN ALLEN STEPHENS, Deceased, | No.: 2022 - 6012 |
| | PLAINTIFF'S COMPLAINT |
| Plaintiff, | Filed on behalf of: Plaintiff, Katelyn D. Edwards, Administrator *Pendente Lite* of the Estate of Jamain Allen Stephens, Deceased and on behalf of all Wrongful Death Beneficiaries of Jamain Allen Stephens, Deceased |
| vs. | |
| CALIFORNIA UNIVERSITY OF PENNSYLVANIA; PENNSYLVANIA WESTERN UNIVERSITY f/k/a CALIFORNIA UNIVERSITY OF PENNSYLVANIA; GERALDINE M. JONES; STUDENT ASSOCIATION, INC.; GREYSTAR DEVELOPMENT SERVICES, LLC; GREYSTAR STUDENT LIVING MANAGEMENT SERVICES, LLC; JARED SHINER; GARY W. DUNN; and KAREN HJERPE, | Counsel of Record for this Party:<br><br>ELIZABETH A. CHIAPPETTA, ESQUIRE<br>Pa. I.D. No.: 205736<br>echiappetta@peircelaw.com |
| Defendants. | ALLISON H. GREENE, ESQUIRE<br>Pa. I.D. No.: 325648<br>agreene@peircelaw.com |
| | ROBERT PEIRCE & ASSOCIATES, P.C.<br>Firm I.D. 839 |
| | Suite 125<br>707 Grant Street<br>Pittsburgh, PA 15219<br>(412) 281-7229 |

# EXHIBIT A

# IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

## Civil Division

KATELYN D. EDWARDS, Administrator
*Pendente Lite* of the Estate of JAMAIN
ALLEN STEPHENS, Deceased and on behalf
of all Wrongful Death Beneficiaries of
JAMAIN ALLEN STEPHENS, Deceased,

       Plaintiff,

   vs.                               No.: 2022 - 6012

CALIFORNIA        UNIVERSITY        OF
PENNSYLVANIA;        PENNSYLVANIA
WESTERN        UNIVERSITY        f/k/a
CALIFORNIA        UNIVERSITY        OF
PENNSYLVANIA;        GERALDINE        M.
JONES; STUDENT ASSOCIATION, INC.;
GREYSTAR DEVELOPMENT SERVICES,
LLC;   GREYSTAR   STUDENT   LIVING
MANAGEMENT SERVICES, LLC; JARED
SHINER; GARY W. DUNN; and KAREN
HJERPE,

       Defendants.

## <u>NOTICE TO DEFEND</u>

       You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice were served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

Lawyer Referral Service
119 South College Street

1

Washington, PA 15301
724-225-6710

Southwestern Pennsylvania Legal Aid Society
10 West Cherry Avenue
Washington, PA 15301
724-225-6170


YOU MUST RESPOND TO THIS COMPLAINT WITHIN TWENTY (20) DAYS OR A JUDGMENT FOR THE AMOUNT CLAIMED MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. IF YOU DO NOT APPEAR FOR THE HEARING, THE CASE MAY BE HEARD IMMEDIATELY BEFORE A JUDGE. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

2

**IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA**

**Civil Division**

KATELYN D. EDWARDS, Administrator
*Pendente Lite* of the Estate of JAMAIN
ALLEN STEPHENS, Deceased and on behalf
of all Wrongful Death Beneficiaries of
JAMAIN ALLEN STEPHENS, Deceased,

         Plaintiff,

      vs.                        No.: 2022 - 6012

CALIFORNIA UNIVERSITY OF
PENNSYLVANIA; PENNSYLVANIA
WESTERN UNIVERSITY f/k/a
CALIFORNIA UNIVERSITY OF
PENNSYLVANIA; GERALDINE M.
JONES; STUDENT ASSOCIATION, INC.;
GREYSTAR DEVELOPMENT SERVICES,
LLC; GREYSTAR STUDENT LIVING
MANAGEMENT SERVICES, LLC; JARED
SHINER; GARY W. DUNN; and KAREN
HJERPE,

         Defendants.

## PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, Katelyn D. Edwards, Administrator *Pendente Lite* of the

Estate of Jamain Allen Stephens, Deceased and on behalf of all Wrongful Death Beneficiaries of

Jamain Allen Stephens, Deceased, by and through her undersigned counsel and claims damages

of the Defendants, California University Of Pennsylvania; Pennsylvania Western University f/k/a

California University Of Pennsylvania; Geraldine M. Jones; Student Association, Inc.; Greystar

Development Services, LLC; Greystar Student Living Management Services, LLC; Jared Shiner;

Gary W. Dunn; and Karen Hjerpe, upon causes of action, the following of which are statements:

1

1.      Plaintiff Katelyn D. Edwards, Administrator *Pendente Lite* of the Estate of Jamain Allen Stephens, Deceased and on behalf of all Wrongful Death Beneficiaries of Jamain Allen Stephens, Deceased is an adult individual with a business address of 707 Grant Street, Suite 125, Pittsburgh, Pennsylvania 15219.

2.      Plaintiff's Decedent Jamain Allen Stephens died on September 8, 2020, from complications of COVID-19 pneumonia including pulmonary thromboembolism.

3.      Plaintiff Katelyn D. Edwards was appointed the Administrator *Pendente Lite* of the Estate of Jamain Allen Stephens on September 7, 2022, by the Director of Court Records of Allegheny County, Pennsylvania.

4.      The Court of Common Pleas of Washington County, Pennsylvania, entered a Rule permitting Plaintiff Katelyn D. Edwards to file a Complaint in the above captioned matter at Case Number GD-22-006012 on November 14, 2022.

5.      Plaintiff Katelyn D. Edwards brings this action as the Administrator *Pendente Lite* of the Estate of Jamain Allen Stephens.

6.      Plaintiff Katelyn D. Edwards brings this action pursuant to 42 Pa.C.S. § 8301 (Wrongful Death), § 8302 (Survival), and Pa.R.C.P. 2202(a) as the Administrator *Pendente Lite* of the Estate of Jamain Allen Stephens, on her own behalf and on behalf of all those entitled by law to recover damages for the wrongful death of Jamain Allen Stephens.

7.      The names and addresses of all persons legally entitled to recover damages for the wrongful death of Jamain Allen Stephens and their relationship to him are as follows:

| Name: | Address: | Relationship: |
|---|---|---|
| Kelly Allen | 951 Oranmore Street Pittsburgh, PA 15201 | Mother |
| Jamain Stephens | | Father |

2

8.     At all times relevant hereto, Defendant California University of Pennsylvania was a public educational institution which provided higher education to students enrolled at California University of Pennsylvania, operating and organized at all times pertinent hereto under color of the state law of the Commonwealth of Pennsylvania,  located at 250 University Ave., California, Pennsylvania 15419.

9.     Pennsylvania Western University f/k/a California University of Pennsylvania is a public educational institution which provides higher education to students enrolled at Pennsylvania Western University f/k/a California University of Pennsylvania, operating and organized at all times pertinent hereto under color of the state law of the Commonwealth of Pennsylvania. Defendant Pennsylvania Western University f/k/a California University of Pennsylvania has an address at 250 University Ave., California, Pennsylvania 15419.

10.     Defendant California University of Pennsylvania and Defendant Pennsylvania Western University f/k/a California University of Pennsylvania shall be referred to collectively as "PennWest California".

11.     Defendant Geraldine M. Jones ("Jones") is an adult individual who at all times pertinent hereto was an employee of Defendant California University of Pennsylvania  and/or Defendant Pennsylvania Western University f/k/a California University of Pennsylvania, 250 University Ave., California, Pennsylvania 15419, and served as President from 2016 until 2021.

12.     Defendant Student Association, Inc. ("SAI") is a 501(c)(3) nonprofit organization owned by the students at Defendant California University of Pennsylvania  and/or Defendant Pennsylvania Western University f/k/a California University of Pennsylvania that provides programs including Vulcan Village housing, clubs and organizations, SAI Farm, CUTV, WCAL Radio, Cal Times newspaper, Homecoming, concerts and comedy shows, and special events. SAI

3

is located at SAI Business Office, Natali Student Center, Room 332, 250 University Ave., California, Pennsylvania 15419.

13.    Defendant Greystar Development Services, LLC ("Greystar") is a Delaware corporation that is headquartered at 465 Meeting Street, Suite 500 Charleston, South Carolina 29403 and has a regional office at 325 Chestnut Street, Suite 330, Philadelphia, Pennsylvania 19106.

14.    Defendant Greystar Student Living Management Services, LLC ("Greystar Student Living") is a Delaware corporation that is headquartered at 465 Meeting Street, Suite 500 Charleston, South Carolina 29403 and has a regional office at 325 Chestnut Street, Suite 330, Philadelphia, Pennsylvania 19106.

15.    Defendant Jared Shiner ("Shiner") is an adult individual who at all times pertinent hereto was an employee of Defendant California University of Pennsylvania and/or Defendant Pennsylvania Western University f/k/a California University of Pennsylvania, and served as the Community Manager of Vulcan Village, located at Mailbox: 86, 250 University Ave., California, Pennsylvania 15419.

16.    Defendant Gary W. Dunn ("Dunn") is an adult individual who at all times pertinent hereto was an employee of Defendant California University of Pennsylvania and/or Defendant Pennsylvania Western University f/k/a California University of Pennsylvania, and served as the Head Football Coach in the Department of Athletics, during the time period in question, with an office located at Mailbox 34, 250 University Ave., California, Pennsylvania 15419.

17.    Defendant Karen Hjerpe ("Hjerpe") is an adult individual who at all times pertinent hereto was an employee of Defendant California University of Pennsylvania and/or Defendant Pennsylvania Western University f/k/a California University of Pennsylvania and served as the

4

**EXHIBIT A**

Athletic Director of the Department of Athletics during the time period in question with an office located at Mailbox 34, 250 University Ave., California, Pennsylvania 15419.

## FACTS COMMON TO ALL CAUSES OF ACTION

18.     At all times pertinent hereto, Jamain Allen Stephens (hereinafter "Jamain") was a student at PennWest California and was under the care, custody, protection and control of the above-named Defendants.

19.     Jamain received a scholarship to play in PennWest California's football program and Jamain participated in said program beginning in 2017 through 2020 as a defensive lineman.

20.     At that time, and at all times relevant hereto, Defendant Dunn was the Head Football Coach of PennWest California's football team.

21.     Coronavirus disease or COVID-19 is an infectious disease caused by the SARS-CoV-2 virus that typically manifests as a respiratory illness.[1]

22.     COVID-19 is very contagious and quickly spread across the world.[2]

23.     The most prevalent symptoms of COVID-19 include, but are not limited to, fever, cough, tiredness, loss of taste or smell.[3]

24.     Common symptoms include, but are not limited to, sore throat, headache, aches and pains, diarrhea, skin rash, or discoloration of fingers or toes, and red or irritated eyes.[4] More serious symptoms include, but are not limited to, difficulty breathing or shortness of breath, loss of speech or mobility, or confusion, and chest pain.[5]

---

[1] *Coronavirus disease (COVID-19) Overview,* WHO, https://www.who.int/health-topics/coronavirus#tab=tab_1.
[2] *Basics of COVID-19,* CDC, (Nov. 4, 2021), https://www.cdc.gov/coronavirus/2019-ncov/your-health/about-covid-19/basics-covid-19.html.
[3] *Coronavirus disease (COVID-19) Symptoms,* WHO, https://www.who.int/health-topics/coronavirus#tab=tab_3.
[4] *Id.*
[5] *Id.*

25.     A person infected with COVID-19 may become gravely sick and require medical attention.[6]

26.     On March 11, 2020, the World Health Organization ("WHO") declared COVID-19 a pandemic.[7]

27.     To prevent the spread of COVID-19, the Center for Disease Control ("CDC") recommends individuals wear masks or respirators, avoid crowded areas, and keep distance between individuals.[8]

28.     At or around the time Jamain returned to PennWest California in August 2020, over 160,000 people in the United States died from COVID-19.[9] As of November 18, 2022, 1,073,115 people in the United States died because of COVID-19.[10]

29.     PennWest California communicated with its students via email regarding housing and COVID-19. PennWest California reassured its students that COVID-19 protocols were in place to protect its students from COVID-19.

30.     According to PennWest California, students living in the dorms were not permitted to return to campus, but students living in Vulcan Village were permitted to return to campus.

31.     Jamain returned to PennWest California for his senior year on or around August 17, 2020.

---

[6] *Coronavirus disease (COVID-19) Overview,* WHO, *supra.*
[7] *COVID-19 Timeline,* CDC, (Aug. 16, 2022), https://www.cdc.gov/museum/timeline/covid19.html#:~:text=March%2011%2C%202020,declares%20COVID%2D19%20a%20pandemic.
[8] *COVID-19 How to Protect Yourself & Others,* CDC, (Oct. 19, 2022), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html#:~:text=To%20avoid%20this%20possible%20exposure,are%20multiple%20risks%20for%20exposure.
[9] *This Week in Coronavirus: July 31 to August 6,* KFF, (Aug. 7, 2020), https://www.kff.org/policy-watch/this-week-in-coronavirus-july-31-to-august-6/.
[10] *COVID Data Tracker,* CDC, (Nov. 18, 2022), https://covid.cdc.gov/covid-data-tracker/#datatracker-home.

32.     A tent was set up on PennWest California's campus which provided keys to Jamain for his housing in Vulcan Village. Notably, personnel at the tent were not wearing masks, taking temperatures of students, or testing students for COVID-19.

33.     Jamain lived in a four-person en-suite in Vulcan Village, which is off campus housing located between PennWest California's campus and its football stadium.

34.     The real estate company Vulcan Village was defective because of, and without limitation, inadequate ventilation, inadequate spacing to allow for social distance and/or cohorting.

35.     At or around the time Jamain returned to PennWest California, he lived with one roommate. There was no social distancing between Jamain and his roommate.

36.     Kelly Allen, Jamain's mother, sanitized Jamain's room with Lysol, Clorox, and left masks in the quad for Jamain's roommates.

37.     One week after Jamain returned to PennWest California, Kelly Allen took Jamain for a physical, which included a chest x-ray and CT scan. Jamain was healthy. The physical took place because Jamain was contemplating a surgery.

38.     At or around this time, the football team was not formally practicing because of COVID-19 protocols, but the football team was working out in an organized fashion with five to six people at a time.

39.     At or around the week of August 27, 2020, Kelly Allen spoke with Jamain on the phone and heard Jamain's roommate in the background coughing. Jamain stated his roommate had a cold, but Kelly Allen suggested the roommate see a medical professional.

40.     On or around the next day, Kelly Allen spoke to Jamain, she noticed Jamain was experiencing some congestion and he stated that he was tired. Later that same day, Jamain began to experience dry coughing.

41.     On Monday, August 31, 2020, Jamain did not feel better and Kelly Allen took Jamain to MedExpress.

42.     A MedExpress employee took Jamain's temperature and stated Jamain had a fever.

43.     MedExpress performed a chest x-ray and stated that Jamain had pneumonia. MedExpress recommended Jamain go to the Emergency Room at Shadyside Hospital.

44.     The Emergency Department at Shadyside Hospital performed a rapid COVID-19 test. Jamain was positive for COVID-19 on August 31, 2020.

45.     Shadyside Hospital's Emergency Department confirmed Jamain's diagnosis of pneumonia and Jamain was admitted to the hospital on August 31, 2020.

46.     Initially, Jamain was placed on a COVID-19 unit at Shadyside Hospital.

47.     On or around September 1, 2020, Jamain was placed on the blood thinner Lovenox to prevent blood clots.

48.     On or around September 4, 2020, Jamain was moved to the Intensive Care Unit ("ICU") because he developed worsening hypoxia.

49.     On or around September 6, 2020, it was noted that Jamain had "worsening COVID-19 pneumonia."

50.     On or around September 7, 2020, Jamain was moved back to the COVID-19 unit because his health was improving.

51.     On or around September 8, 2020, Jamain became hypoxic, tachycardic, and was unable to maintain oxygen levels, which required him to be sent back to the ICU.

52.     On or around September 8, 2020, an ultrasound was performed on Jamain's chest, which revealed a dilated right ventricle with poor contraction and signs of heart failure.

53.     Kelly Allen rushed to the hospital because she was concerned for Jamain's health.

8

54.     When Kelly Allen arrived at the hospital she was taken to an office where she was told that Jamain had passed away.

55.     An autopsy report performed on September 10, 2020, stated that Jamain died of complications of COVID-19 pneumonia, including pulmonary thromboembolism.

## CAUSES OF ACTION

## COUNT I – SURVIVAL

**Plaintiff v. Defendants California University of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Geraldine M. Jones, Student Association, Inc., Jared Shiner, Gary W. Dunn, and Karen Hjerpe**

56.     The averments set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

57.     Defendants California University of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Geraldine M. Jones, SAI, Jared Shiner, Gary W. Dunn, and Karen Hjerpe are Commonwealth parties as defined by 42 Pa.C.S. § 8501.

58.     Defendants California University of Pennsylvania and Defendant Pennsylvania Western University f/k/a California University of Pennsylvania shall again be collectively be referred to as "PennWest California" throughout Count I.

59.     A Commonwealth party is shielded from liability because of sovereign immunity pursuant to 1 Pa.C.S. § 2310, unless the sovereign immunity is waived or an exception under 42 Pa.C.S. § 8522 applies.

60.     Sovereign immunity does not apply to the above-named Defendants because the Commonwealth real estate, highways, and sidewalk exception applies under 42 Pa.C.S. § 8522(4).

61.     A   dangerous   condition   of   a   Commonwealth   party's   real   estate   includes Commonwealth owned real property, Commonwealth possessed leaseholds, and real property leased by the Commonwealth party to private parties.

62.     PennWest California provides off campus leaseholds of real property to students through Vulcan Village.

63.     As the President of PennWest California, Defendant Jones was responsible for all operations, including academic and administrative operations, of the university, such as student housing.

64.     At all times relevant hereto, SAI provides programs, specifically Vulcan Village housing, to students at PennWest California.

65.     Defendant Shiner served as the Community Manager of Vulcan Village at or around the time Jamain Allen Stephens leased an apartment in Vulcan Village.

66.     Defendants Dunn and Hjerpe oversaw student athletes, such as football players, and required football players to return to campus, specifically Vulcan Village in this case, to participate in football preseason training.

67.     Jamain Allen Stephens' apartment leased through Vulcan Village constituted a dangerous condition in the context of COVID-19 because the apartment was not equipped to offer proper protections to students from COVID-19 due to the existence of shared spaces where students were in contact with others and could not social distance, inadequate ventilation and inability to have separate spaces for positive/negative COVID-19 students.

68.     By requiring students, such as Jamain Allen Stephens, to return to campus if they lived in Vulcan Village, the Defendants exposed students to COVID-19 and any and all risks of

the disease because Vulcan Village was not in proper condition to prevent or limit the spread of COVID-19.

69.     As a result of Defendants' decisions and the shortcomings of Vulcan Village's property, Jamain Allen Stephens was exposed to COVID-19 and died from complications of COVID-19.

70.     Therefore, the sovereign immunity exception of Commonwealth real estate, highways, and sidewalks applies under 42 Pa.C.S. § 8522(4). In sum, the real estate known as Vulcan Village was in an unsafe and improper condition such that the spread of COVID-19 could not be prevented and was exacerbated.

71.     At all times material and relevant hereto, Jamain Allen Stephens was a student at Defendant PennWest California and was offered a scholarship to participate in Defendant PennWest's football program.

72.     A special relationship existed between Defendants PennWest California, Jones, SAI, Shiner, Dunn, and Hjerpe and Jamain Allen Stephens because Jamain Allen Stephens was persuaded to attend PennWest California on a football scholarship.

73.     As such, PennWest California, Jones, SAI, Shiner, Dunn, and Hjerpe owed Jamain Allen Stephens a duty of care because Jamain Allen Stephens was not engaged in private affairs when he contracted COVID-19 because he returned to PennWest California to participate in required conditioning for the football program.

74.     PennWest California, Jones, SAI, Shiner, Dunn, and Hjerpe breached their duty of care to Jamain Allen Stephens in the following respects:

> a.     In failing to screen football players for COVID-19 before requiring them to live in Vulcan Village, which property was defective as to transmission, spread, and prevention of COVID-19, as pled herein;

11

b.      In failing to screen tenants of Vulcan Village for COVID-19, as pled herein;

c.      In failing to require a negative COVID-19 test prior to moving into Vulcan Village, as pled herein;

d.      In requiring football players to live together at Vulcan Village despite the COVID-19 pandemic, as pled herein;

e.      In requiring football players to return to Vulcan Village despite the COVID-19 pandemic, as pled herein;

f.      In not suspending the football program in its entirety in August 2020 and before and instead requiring Jamain Allen Stephens to live in Vulcan Village, which property was defective as to transmission, spread, and prevention of COVID-19, as pled herein;

g.      In not promulgating/enforcing/modifying policies and procedures designed to prevent COVID-19 transmission if the football program remained operational in August 2020 and before, as pled herein;

h.      In not consulting knowledgeable professionals as to the risks involved in keeping the football program operational in August 2020 and before, as pled herein;

i.      In requiring Vulcan Village, a defective property, to be occupied by Jamain Allen Stephens, as pled herein;

j.      In failing to ensure that Vulcan Village, if occupied, had appropriate ventilation to prevent or limit the spread of COVID-19, as pled herein;

k.      In failing to require masks as appropriate, as pled herein;

l.      In failing to ensure that Vulcan Village, if occupied, had appropriate spacing for social distancing, as pled herein; and

m.      In failing to ensure that Vulcan Village, if occupied, had appropriate separation to cohort positive/negative COVID-19 students, as pled herein.

75.     As a direct and proximate result of the negligent conduct of Defendants PennWest California, Jones, SAI, Shiner, Dunn, and Hjerpe, Jamain Allen Stephens died of COVID-19.

76.     As a result of the previously described negligent and/or reckless conduct of the above-named Defendants, Plaintiff seeks damages for the following items:

    a.     Pain, suffering, inconvenience, anxiety, and nervousness of Jamain Allen Stephens, as related to the injuries he suffered as a result of the above-named Defendants' negligent conduct;

    b.     Hospital and medical expenses incurred;

    c.     Funeral expenses incurred; and

    d.     Other losses and damages permitted by law.

WHEREFORE, the Plaintiff, Katelyn D. Edwards, as Administrator Pendente Lite of the Estate of Jamain Allen Stephens, Deceased, demands compensatory damages from Defendants California University Of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Geraldine M. Jones, Student Association, Inc., Jared Shiner, Gary W. Dunn, and Karen Hjerpe, costs of suit, and any other relief this Honorable Court deems just and proper.

## <u>COUNT II – WRONGFUL DEATH</u>

**Plaintiff v. Defendants California University of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Geraldine M. Jones, Student Association, Inc., Jared Shiner, Gary W. Dunn, and Karen Hjerpe**

77.     The averments set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

78.     Sovereign immunity does not apply to the above-named Defendants because of the reasons previously set forth above.

13

79.     As a direct and proximate result of the negligent and careless conduct of Defendants California University of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Jones, SAI, Shiner, Dunn, and Hjerpe, Katelyn D. Edwards, on behalf of those persons entitled by law to recover for the wrongful death of Jamain Allen Stephens, have suffered the following injuries and damages:

a.      She/They have expended money for funeral and Estate expenses because of the death of Jamain Allen Stephens;

b.      She/They have been denied, and have forever lost, the services, assistance, guidance, counseling, companionship, and society of Jamain Allen Stephens;

c.      She/They have expended money for the hospital and medical treatment of Jamain Allen Stephens; and

d.      All other damages permitted by law.

WHEREFORE, the Plaintiff, Katelyn D. Edwards, as Administrator Pendente Lite of the Estate of Jamain Allen Stephens, Deceased, demands compensatory damages from Defendants California University Of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Geraldine M. Jones, Student Association, Inc., Jared Shiner, Gary W. Dunn, and Karen Hjerpe costs of suit, and any other relief this Honorable Court deems just and proper.

## COUNT III – WILLFUL MISCONDUCT (SURVIVAL)

**Plaintiff v. Defendants California University of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Geraldine M. Jones, Student Association, Inc., Jared Shiner, Gary W. Dunn, And Karen Hjerpe**

80.     The averments set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

14

81.     Defendants California University of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Jones, SAI, Shiner, Dunn and Hjerpe engaged in willful misconduct in their response to COVID-19.

82.     Defendants California University of Pennsylvania and Pennsylvania Western University f/k/a California University of Pennsylvania shall collectively be referred to as "PennWest California".

83.     Upon information and belief, Defendants PennWest California, Jones, SAI, Shiner, Dunn, and Hjerpe were aware of the risks of COVID-19 in that it could cause death, yet the above-named Defendants did not take any action and/or took inadequate action to implement policies and procedures that would ensure the safety of students in regard to COVID-19, which resulted in Jamain Allen Stephens' death.

84.     Jamain Allen Stephens' death was caused by the intentional, malicious, willful, wanton, reckless and/or liability producing conduct of Defendants PennWest California, Jones, SAI, Shiner, Dunn, and Hjerpe, as set forth in Count I and in addition by:

a.      Putting PennWest California's football program above the health and safety of students, as pled herein;

b.      Requiring football players to return to campus to train for the upcoming football season, as pled herein;

c.      Requiring football players to work out together in an organized fashion to prepare for the upcoming football season, as pled herein;

d.      Failing to screen football players for COVID-19, as pled herein;

e.      Failing to require a negative COVID-19 test prior to any and all conditioning related to the football program, as pled herein;

15

      f.      In not suspending the football program in its entirety in August 2020 and before, as pled herein;

      g.      In not promulgating/enforcing/modifying policies and procedures designed to prevent COVID-19 transmission if the football program remained operational in August 2020 and before, as pled herein;

      h.      In not consulting knowledgeable professionals as to the risks involved in keeping the football program operational in August 2020 and before, as pled herein;

      i.      Failing to establish adequate, appropriate and necessary policies and procedures to protect students and athletes from COVID-19, as pled herein; and

      j.      Failing to provide adequate housing to students and athletes to protect them from exposure to others infected with COVID-19, as pled herein.

85.    As such, Defendants PennWest California, Jones, SAI, Shiner, Dunn, and Hjerpe were aware to a substantial certainty that by permitting students, such as Jamain Allen Stephens, to live, workout, and/or interact with others put students, like Jamain Allen Stephens, at risk for contracting COVID-19 and the risks of COVID-19.

86.    Therefore, as a direct and proximate result of the above-named Defendants willful misconduct, Jamain Allen Stephens died of COVID-19.

87.    As a result of the above-named Defendants' intentional, malicious, willful, wanton, reckless and/or other liability producing conduct, Plaintiff has sustained the following damages, under the Survival Act, 42 Pa.C.S. § 8302, including but not limited to:

      a.      Jamain Allen Stephens' pain, suffering, mental anguish, inconvenience, and other such damages that are permitted by law;

      b.      Jamain Allen Stephens' loss of income and earning capacity;

      c.      Other financial losses suffered as a result of Jamain Allen Stephens' death;

d.    Hospital and medical expenses incurred;

e.    Funeral expenses incurred;

f.    Any and all expenses incurred by Jamain Allen Stephens' estate; and

g.    Other losses and damages permitted by law.

88.    The above-named Defendants' conduct as set forth above was so outrageous, reckless and in such conscious indifference to Jamain Allen Stephens' health and well-being that Plaintiff asserts a claim for punitive damages against the above-named Defendants.

WHEREFORE, the Plaintiff, Katelyn D. Edwards, as Administrator Pendente Lite of the Estate of Jamain Stephens, Deceased, demands compensatory and punitive damages from Defendants California University Of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Geraldine M. Jones, Student Association, Inc., Jared Shiner, Gary W. Dunn, and Karen Hjerpe, costs of suit, and any other relief this Honorable Court deems just and proper.

## COUNT IV – WILLFUL MISCONDUCT (WRONGFUL DEATH)

**Plaintiff v. Defendants California University of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Geraldine M. Jones, Student Association, Inc., Jared Shiner, Gary W. Dunn, And Karen Hjerpe**

89.    The averments set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

90.    As a direct and proximate result of Defendants California University of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Jones, SAI, Shiner, Dunn, and Hjerpe's intentional, malicious, willful, wanton, reckless and/or other liability producing conduct, Plaintiff claims damages under the Wrongful Death Statute of

17

the Commonwealth of Pennsylvania, 42 Pa.C.S. § 8301, for and on behalf of Jamain Allen Stephens' family for:

        a.      Loss of service and contribution of Jamain Allen Stephens, which he would have rendered during his lifetime;

        b.      Funeral and burial expenses;

        c.      Expenses for the administration of Jamain Allen Stephens' estate;

        d.      Loss of benefit of the guidance, counseling, comfort, solace, protection and companionship of Jamain Allen Stephens;

        e.      The loss of pecuniary benefits to the end of Jamain Allen Stephens' life expectancy; and

        f.      Any and all damages applicable under the wrongful death acts, survival acts, fiduciary acts, statutes and Pennsylvania Rules of Civil Procedure.

91.     The above-named Defendants' conduct as set forth above was so outrageous, reckless and in such conscious indifference to Jamain Allen Stephens' health and well-being that Plaintiff asserts a claim for punitive damages against the above-named Defendants.

WHEREFORE, the Plaintiff, Katelyn D. Edwards, as Administrator Pendente Lite of the Estate of Jamain Stephens, Deceased, demands compensatory and punitive damages from Defendants California University Of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Geraldine M. Jones, Student Association, Inc., Jared Shiner, Gary W. Dunn, and Karen Hjerpe, costs of suit, and any other relief this Honorable Court deems just and proper.

## COUNT V – VIOLATIONS OF THE UNITED STATES CONSTITUTION UNDER FOURTEENTH AMENDMENT – DUE PROCESS CLAUSE PURSUANT TO 42 U.S.C. § 1983 – STATE CREATED DANGER DOCTRINE

**Plaintiff v. Defendants California University of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Geraldine M. Jones,**

18

**Student Association, Inc., Jared Shiner, Gary W. Dunn, And Karen Hjerpe**

92.     The averments set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

93.     Defendants California University of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Jones, SAI, Shiner, Dunn, and Hjerpe's policies regarding COVID-19 violated Jamain Allen Stephens' rights under the United States Constitution.

94.     Defendants California University of Pennsylvania and Pennsylvania Western University f/k/a California University of Pennsylvania shall collectively be referred to as "PennWest California" throughout Count V.

95.     Specifically, at all times relevant hereto, Jamain Allen Stephens possessed substantive and procedural due process rights to be free from state occasioned and/or created dangers which caused harm to his bodily integrity and human dignity and which are protected by the United States Constitution.

96.     PennWest California, Jones, SAI, Shiner, Dunn, and Hjerpe violated Jamain Allen Stephens' substantive due process rights by creating or increasing the risk of harm associated with COVID-19 through its policies and procedures regarding COVID-19.

97.     Jamain Allen Stephens' harm was foreseeable because COVID-19 is a very contagious, infectious disease and Defendants PennWest California, Jones, SAI, Shiner, Dunn, and Hjerpe required Jamain Allen Stephens, as a football player, to return to the defective real estate known as Vulcan Village where Jamain Allen Stephens lived in shared spaces and was exposed to others who were infected with COVID-19.

98.     As a result of all the above-named Defendants requiring students to live together, not providing adequate housing to protect students from COVID-19, and failing to have instituted COVID-19 safety precautions, Jamain Allen Stephens contracted COVID-19 and died.

99.     As a result of PennWest California, Jones, SAI, Shiner, Dunn, and Hjerpe's "football first" mentality, Jamain Allen Stephens was required to be in a housing complex and school, where he was exposed to other students and/or athletes, if he wanted to maintain his spot on PennWest California's football team and his football scholarship.

100.    As a direct and proximate result of PennWest California, Jones, SAI, Shiner, Dunn, and Hjerpe's actions, Jamain Allen Stephens suffered direct harm because he passed away from complications of COVID-19 pneumonia, including pulmonary thromboembolism.

101.    As a direct and proximate result of PennWest California, Jones, SAI, Shiner, Dunn, and Hjerpe's decision to put its football program before the safety of its athletes and to continue its football program when other schools suspended their football programs, Jamain Allen Stephens passed away from COVID-19.

102.    Moreover, PennWest California and Jones' decision to require students to return to shared housing during a pandemic, where many people have died, and to continue its football program constitutes deliberate indifference that shocks the conscience because PennWest California and Jones were not in a high-pressure situation and had more than enough time to decide COVID-19 protocols over the summer break from classes and prior to Jamain Allen Stephens return to campus.

103.    A relationship existed between Jamain Allen Stephens and PennWest California, Jones, SAI, Shiner, Dunn, and Hjerpe because Jamain Allen Stephens had a contractual relationship with PennWest California, a state university.

20

104.    As pled herein, the above-named Defendants affirmatively used its authority in a way that created a danger or rendered Jamain Allen Stephens more vulnerable to danger than if the above-named Defendants had not acted at all because the above-named Defendants required students/football players to engage in football conditioning together in an organized fashion and return to shared and defective housing in Vulcan Village where students could be exposed to others that may be infected with COVID-19.

105.    As a direct and proximate result of the unconstitutional acts as described above, Jamain Allen Stephens was injured as previously described, suffered pain, distress, and died from COVID-19. As such, Jamain Allen Stephens has suffered damages and is entitled to recover the damages previously referenced as well as a reasonable award of counsel fees and costs pursuant to 42 U.S.C. § 1980.

WHEREFORE, the Plaintiff, Katelyn D. Edwards, as Administrator Pendente Lite of the Estate of Jamain Stephens, Deceased, demands compensatory damages from Defendants California University Of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Geraldine M. Jones, Student Association, Inc., Jared Shiner, Gary W. Dunn, and Karen Hjerpe costs of suit, and any other relief this Honorable Court deems just and proper.

## COUNT VI – VIOLATIONS OF THE UNITED STATES CONSTITUTION UNDER THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE FOR INJURY TO HUMAN DIGNITY ENFORCEABLE PURSUANT TO 42 U.S.C § 1983

**Plaintiff v. Defendants California University of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Geraldine M. Jones, Student Association, Inc., Jared Shiner, Gary W. Dunn, and Karen Hjerpe**

106.    The averments set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

107.    The actions of Defendants California University of Pennsylvania and Pennsylvania Western University f/k/a California University of Pennsylvania, Jones, SAI, Shiner, Dunn, and Hjerpe violated Jamain Allen Stephens' rights under the United States Constitution.

108.    Defendants California University of Pennsylvania and Pennsylvania Western University f/k/a California University of Pennsylvania shall collectively be referred to as "PennWest California".

109.    Specifically, at all times relevant hereto, Jamain Allen Stephens possessed both substantive and procedural due process rights including, but not limited to, a liberty interest in his dignity as a human being.

110.    The above-named Defendants were acting by and through its agents, employees and servants, and at all times pertinent hereto, said agents, employees and servants were acting within their official capacity as community managers, teachers, coaches, and/or administrators in PennWest California, and therefore were acting under the color of state law. Their actions and inactions in depriving Jamain Allen Stephens of his Constitutional rights are subject to enforcement via 42 U.S.C. § 1983.

111.    The Defendants deprived Jamain Allen Stephens of his Constitutional rights by subjecting him and other students to a contagious, infectious virus, as pled herein.

112.    The Defendants' actions and/or inactions demonstrated an adopted practice, custom or policy of deliberate indifference to Jamain Allen Stephens' overall health, safety, and welfare, as pled herein.

22

113.    As a direct and proximate result of the unconstitutional acts as described above, Jamain Allen Stephens was injured as previously described, suffered pain, distress, and died from COVID-19. As such, Jamain Allen Stephens has suffered damages and is entitled to recover the damages previously referenced as well as a reasonable award of counsel fees and costs pursuant to 42 U.S.C. § 1980.

WHEREFORE, the Plaintiff, Katelyn D. Edwards, as Administrator Pendente Lite of the Estate of Jamain Stephens, Deceased, demands compensatory damages from Defendants California University Of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Geraldine M. Jones, Student Association, Inc., Jared Shiner, Gary W. Dunn, and Karen Hjerpe, as well as costs of suit and any other relief this Honorable Court deems just and proper.

## COUNT VII – VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

### Plaintiff v. Defendants California University of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania

114.    The averments set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

115.    Section 1983 provides that: "every person who, under color of [law] of any State . . . subjects, or causes to be subjected, any [person] to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ." 42 U.S.C. § 1983.

116.    A governmental entity may be held liable under 42 U.S.C. § 1983 if the execution of a government policy or custom caused the injury in question.

117.    Defendant California University of Pennsylvania is a Commonwealth party as defined by 42 Pa.C.S. § 8501.

23

118.    Defendant Pennsylvania Western University f/k/a California University of Pennsylvania is a Commonwealth party as defined by 42 Pa.C.S. § 8501.

119.    Defendants California University of Pennsylvania and Pennsylvania Western University f/k/a California University of Pennsylvania shall again be collectively referred to as "PennWest California" throughout Count VII.

120.    PennWest California's actions violated Jamain Allen Stephens' rights under the United States Constitution (14th Amendment Due Process violations) because PennWest California's policies, customs, and procedures, or lack thereof, regarding COVID-19 caused Jamain Allen Stephens to contract COVID-19 and subsequently die from the disease.

121.    PennWest California's COVID-19 policies, customs, and procedures were inadequate because football players, like Jamain Allen Stephens, were required to return to campus to participate in preseason conditioning, where he was exposed to others.

122.    Moreover, PennWest California's COVID-19 policies, customs, and procedures were inadequate because PennWest California did not suspend its football program whereas many other schools suspended its football programs.

123.    As a policy or custom, PennWest California intentionally, and with deliberate disregard to the health of Jamain Allen Stephens, prioritized its football program and season over the health of its student athletes and therefore deprived Jamain Allen Stephens of his constitutional rights.

124.    The aforementioned deliberate indifference to PennWest California's students and/or student athletes' health was consistent with PennWest California's inadequate COVID-19 policies, customs, and procedures.

24

125.    PennWest California as a custom, policy, practice, or procedure, deprived Jamain

Allen Stephens of the aforementioned Constitutional Rights as follows:

      a.      By refusing to prioritize student and/or student athletes' health over sports, as pled herein;

      b.      By refusing to suspend PennWest California's football program, as pled herein;

      c.      By requiring football players to return to campus to participate in preseason conditioning, as pled herein;

      d.      By requiring football players to live in shared housing with others, as pled herein;

      e.      By failing to screen football players for COVID-19, as pled herein;

      f.      By failing to screen football players for COVID-19 before requiring them to live in Vulcan Village, which property was defective as to transmission, spread, and prevention of COVID-19, as pled herein;

      g.      By failing to screen tenants of Vulcan Village for COVID-19, as pled herein;

      h.      By failing to require a negative COVID-19 test prior to moving into Vulcan Village, as pled herein;

      i.      By requiring football players to live together at Vulcan Village despite the COVID-19 pandemic, as pled herein;

      j.      By requiring football players to return to Vulcan Village despite the COVID-19 pandemic, as pled herein;

      k.      By not suspending the football program in its entirety in August 2020 and before and instead requiring Jamain Allen Stephens to live in Vulcan Village, which property was defective as to transmission, spread, and prevention of COVID-19, as pled herein;

      l.      By not promulgating/enforcing/modifying policies and procedures designed to prevent COVID-19 transmission if the football program remained operational in August 2020 and before, as pled herein;

m.   By not consulting knowledgeable professionals as to the risks involved in keeping the football program operational in August 2020 and before, as pled herein;

n.   By requiring Vulcan Village, a defective property, to be occupied by Jamain Allen Stephens, as pled herein;

o.   By failing to ensure that Vulcan Village, if occupied, had appropriate ventilation to prevent or limit the spread of COVID-19, as pled herein;

p.   In failing to require masks as appropriate, as pled herein;

q.   By failing to ensure that Vulcan Village, if occupied, had appropriate spacing for social distancing, as pled herein;

r.   By failing to ensure that Vulcan Village, if occupied, had appropriate separation to cohort positive/negative COVID-19 students, as pled herein;

s.   By putting PennWest California's football program above the health and safety of students, as pled herein;

t.   By requiring football players to return to campus to train for the upcoming football season, as pled herein;

u.   By requiring football players to work out together in an organized fashion to prepare for the upcoming football season, as pled herein;

v.   By failing to require a negative COVID-19 test prior to any and all conditioning related to the football program, as pled herein;

w.   By failing to establish adequate, appropriate and necessary policies and procedures to protect students and athletes from COVID-19, as pled herein; and

x.   By failing to provide adequate housing to students and athletes to protect them from exposure to others infected with COVID-19, as pled herein.

126.   As a direct and proximate result of the unconstitutional acts as described above, Jamain Allen Stephens was injured as previously described, suffered pain, distress, and died from

COVID-19. As such, Jamain Allen Stephens has suffered damages and is entitled to recover the damages previously referenced as well as a reasonable award of counsel fees and costs pursuant to 42 U.S.C. § 1980.

WHEREFORE, the Plaintiff, Katelyn D. Edwards, as Administrator Pendente Lite of the Estate of Jamain Stephens, Deceased, demands compensatory damages from Defendants California University of Pennsylvania and Pennsylvania Western University f/k/a California University of Pennsylvania, as well as costs of suit and any other relief this Honorable Court deems just and proper.

## COUNT VIII – SURVIVAL

### Plaintiff v. Defendants Greystar Development Services, LLC and Greystar Student Living Management Services, LLC

127.    The averments set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

128.    PennWest California offers off campus rental properties to students through Vulcan Village.

129.    Defendants Greystar and Greystar Student Living own rental properties, including Vulcan Village at PennWest California.

130.    Defendants Greystar and Greystar Student Living offer off campus leases in Vulcan Village to students enrolled at PennWest California.

131.    Greystar and Greystar Student Living are liable for Jamain Allen Stephens death because they knew the risks of COVID-19 and they permitted students to return to campus if they lived in Vulcan Village.

132.    By permitting students to return to campus if they lived in Vulcan Village, the Defendants exposed students to COVID-19 and any and all risks of the disease.

27

133.    As a result of Defendants' decisions and the shortcomings of Vulcan Village's property, Jamain Allen Stephens was exposed to COVID-19 and died from complications of COVID-19.

134.    As such, Greystar and Greystar Student Living owed Jamain Allen Stephens a duty of care because landlords must provide tenants with a safe, habitable living environment.

135.    Greystar and Greystar Student Living breached their duty of care to Jamain Allen Stephens in the following respects:

   a.    In failing to screen tenants for COVID-19, as pled herein;

   b.    In failing to require a negative COVID-19 test prior to moving into Vulcan Village, as pled herein;

   c.    In permitting multiple students to live together in close quarters without requiring COVID-19 testing and/or quarantining, as pled herein;

   d.    In failing to institute COVID-19 testing and screening procedures, despite the fact that a pandemic was occurring, as pled herein;

   e.    In failing to require masks as appropriate, as pled herein;

   f.    In failing to require students maintain social distancing, as pled herein;

   g.    In permitting Vulcan Village to remain open, as pled herein;

   h.    In failing to screen football players for COVID-19 before requiring them to live in Vulcan Village, which property was defective as to transmission, spread, and prevention of COVID-19, as pled herein;

   i.    In failing to screen tenants of Vulcan Village for COVID-19, as pled herein;

   j.    In failing to require a negative COVID-19 test prior to moving into Vulcan Village, as pled herein;

    k.      In requiring football players to live together at Vulcan Village despite the COVID-19 pandemic, as pled herein;

    l.      In requiring football players to return to Vulcan Village despite the COVID-19 pandemic, as pled herein;

    m.    In not suspending the football program in its entirety in August 2020 and before and instead requiring Jamain Allen Stephens to live in Vulcan Village, which property was defective as to transmission, spread, and prevention of COVID-19, as pled herein;

    n.      In not promulgating/enforcing/modifying policies and procedures designed to prevent COVID-19 transmission if the football program remained operational in August 2020 and before, as pled herein;

    o.      In not consulting knowledgeable professionals as to the risks involved in keeping the football program operational in August 2020 and before, as pled herein;

    p.      In requiring Vulcan Village, a defective property, to be occupied by Jamain Allen Stephens, as pled herein;

    q.      In failing to ensure that Vulcan Village, if occupied, had appropriate ventilation to prevent or limit the spread of COVID-19, as pled herein;

    r.      In failing to ensure that Vulcan Village, if occupied, had appropriate spacing for social distancing, as pled herein; and

    s.      In failing to ensure that Vulcan Village, if occupied, had appropriate separation to cohort positive/negative COVID-19 students, as pled herein.

136.    As a direct and proximate result of the negligent conduct of Defendants Greystar and Greystar Student Living, Jamain Allen Stephens died of COVID-19.

137.    As a result of the previously described negligent and/or reckless conduct of the above-named Defendants, Plaintiff seeks damages for the following items:

    a.      Pain, suffering, inconvenience, anxiety, and nervousness of Jamain Allen Stephens, as related to the injuries he suffered

as a result of the above-named Defendants' negligent conduct;

b.      Hospital and medical expenses incurred;

c.      Funeral expenses incurred; and

d.      Other losses and damages permitted by law.

WHEREFORE, the Plaintiff, Katelyn D. Edwards, as Administrator Pendente Lite of the Estate of Jamain Allen Stephens, Deceased, demands compensatory damages from Defendants Greystar Development Services, LLC, and Greystar Student Living Management Services, LLC, costs of suit, and any other relief this Honorable Court deems just and proper.

## COUNT IX – WRONGFUL DEATH

### Plaintiff v. Defendants Greystar Development Services, LLC and Greystar Student Living Management Services, LLC

138.    The averments set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

139.    As a direct and proximate result of the negligent and careless conduct of Defendants Greystar and Greystar Student Living, Katelyn D. Edwards, on behalf of those persons entitled by law to recover for the wrongful death of Jamain Allen Stephens, have suffered the following injuries and damages:

a.      She/They have expended money for funeral and Estate expenses because of the death of Jamain Allen Stephens;

b.      She/They have been denied, and have forever lost, the services, assistance, guidance, counseling, companionship, and society of Jamain Allen Stephens;

c.      She/They have expended money for the hospital and medical treatment of Jamain Allen Stephens; and

d.      All other damages permitted by law.

WHEREFORE, the Plaintiff, Katelyn D. Edwards, as Administrator Pendente Lite of the Estate of Jamain Allen Stephens, Deceased, demands compensatory damages from Defendants Greystar Development Services, LLC and Greystar Student Living Management Services, LLC costs of suit, and any other relief this Honorable Court deems just and proper.

## COUNT X – WILLFUL MISCONDUCT (SURVIVAL)

**Plaintiff v. Defendants Greystar Development Services, LLC and
Greystar Student Living Management Services, LLC**

140.    The averments set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

141.    Defendants Greystar and Greystar Student Living engaged in willful misconduct in its response to COVID-19.

142.    Upon information and belief, Defendants Greystar and Greystar Student Living were aware of the risks of COVID-19 in that it could cause death, yet the above-named Defendants did not take any action and/or took inadequate action to implement policies and procedures that would ensure the safety of students in regard to COVID-19, which resulted in Jamain Allen Stephens' death.

143.    Jamain Allen Stephens' death was caused by the intentional, malicious, willful, wanton, reckless and/or liability producing conduct of Defendants Greystar and Greystar Student Living, in

    a.    Failing to screen tenants for COVID-19, as pled herein;

    b.    Failing to require a negative COVID-19 test prior to moving into Vulcan Village, as pled herein;

    c.    Requiring multiple students to live together in close quarters without requiring COVID-19 testing and/or quarantining, as pled herein;

31

d.      Failing to institute COVID-19 testing and screening procedures, despite the fact that a pandemic was occurring, as pled herein;

e.      In failing to require masks as appropriate, as pled herein;

f.      Failing to require students maintain social distancing, as pled herein;

g.      Permitting Vulcan Village to remain open, as pled herein;

h.      Failing to establish adequate, appropriate and necessary policies and procedures to protect students and athletes from COVID-19, as pled herein;

i.      Failing to provide adequate housing to students and athletes to protect them from exposure to others infected with COVID-19, as pled herein;

j.      Failing to screen football players for COVID-19 before requiring them to live in Vulcan Village, which property was defective as to transmission, spread, and prevention of COVID-19, as pled herein;

k.      Requiring football players to live together at Vulcan Village despite the COVID-19 pandemic, as pled herein;

l.      Requiring football players to return to Vulcan Village despite the COVID-19 pandemic, as pled herein;

m.      Not suspending the football program in its entirety in August 2020 and before and instead requiring Jamain Allen Stephens to live in Vulcan Village, which property was defective as to transmission, spread, and prevention of COVID-19, as pled herein;

n.      Not promulgating/enforcing/modifying policies and procedures designed to prevent COVID-19 transmission if the football program remained operational in August 2020 and before, as pled herein;

o.      Not consulting knowledgeable professionals as to the risks involved in keeping the football program operational in August 2020 and before, as pled herein;

32

p.    Requiring Vulcan Village, a defective property, to be occupied by Jamain Allen Stephens, as pled herein;

q.    Failing to ensure that Vulcan Village, if occupied, had appropriate ventilation to prevent or limit the spread of COVID-19, as pled herein;

r.    Failing to ensure that Vulcan Village, if occupied, had appropriate spacing for social distancing, as pled herein; and

s.    Failing to ensure that Vulcan Village, if occupied, had appropriate separation to cohort positive/negative COVID-19 students, as pled herein.

144.    As such, Defendants Greystar and Greystar Student Living were aware to a substantial certainty that by permitting students, such as Jamain Allen Stephens, to live and/or interact with others put students, like Jamain Allen Stephens, at risk for contracting COVID-19 and the risks of COVID-19.

145.    Therefore, as a result of the above-named Defendants willful misconduct, Jamain Allen Stephens died of COVID-19.

146.    As a direct and proximate result of the above-named Defendants' intentional, malicious, willful, wanton, reckless and/or other liability producing conduct, Plaintiff has sustained the following damages, under the Survival Act, 42 Pa.C.S. § 8302, including but not limited to:

a.    Jamain Allen Stephens' pain, suffering, mental anguish, inconvenience, and other such damages that are permitted by law;

b.    Jamain Allen Stephens' loss of income and earning capacity;

c.    Other financial losses suffered as a result of Jamain Allen Stephens' death;

d.    Hospital and medical expenses incurred;

e.    Funeral expenses incurred;

     f.     Any and all expenses incurred by Jamain Allen Stephens' estate; and

     g.     Other losses and damages permitted by law.

147.    The above-named Defendants' conduct as set forth above was so outrageous, reckless and in such conscious indifference to Jamain Allen Stephens' health and well-being that Plaintiff asserts a claim for punitive damages against the above-named Defendants.

WHEREFORE, the Plaintiff, Katelyn D. Edwards, as Administrator Pendente Lite of the Estate of Jamain Stephens, Deceased, demands compensatory and punitive damages from Defendants Greystar Development Services, LLC and Greystar Student Living Management Services, LLC, costs of suit, and any other relief this Honorable Court deems just and proper.

### COUNT XI – WILLFUL MISCONDUCT (WRONGFUL DEATH)

#### Plaintiff v. Defendants Greystar Development Services, LLC and Greystar Student Living Management Services, LLC

148.    The averments set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

149.    As a direct and proximate result of Defendants Greystar and Greystar Student Living's intentional, malicious, willful, wanton, reckless and/or other liability producing conduct, Plaintiff claims damages under the Wrongful Death Statute of the Commonwealth of Pennsylvania, 42 Pa.C.S. § 8301, for and on behalf of Jamain Allen Stephens' family for:

     a.     Loss of service and contribution of Jamain Allen Stephens, which he would have rendered during his lifetime;

     b.     Funeral and burial expenses;

     c.     Expenses for the administration of Jamain Allen Stephens' estate;

d.      Loss of benefit of the guidance, counseling, comfort, solace, protection and companionship of Jamain Allen Stephens;

e.      The loss of pecuniary benefits to the end of Jamain Allen Stephens' life expectancy; and

f.      Any and all damages applicable under the wrongful death acts, survival acts, fiduciary acts, statutes and Pennsylvania Rules of Civil Procedure.

150.   The above-named Defendants' conduct as set forth above was so outrageous, reckless and in such conscious indifference to Jamain Allen Stephens' health and well-being that Plaintiff asserts a claim for punitive damages against the above-named Defendants.

WHEREFORE, the Plaintiff, Katelyn D. Edwards, as Administrator Pendente Lite of the Estate of Jamain Stephens, Deceased, demands compensatory and punitive damages from Defendants Greystar Development Services, LLC and Greystar Student Living Management Services, LLC, costs of suit, and any other relief this Honorable Court deems just and proper.

## COUNT XII – SURVIVAL (IN THE ALTERNATIVE IF GREYSTAR AND GREYSTAR STUDENT LIVING ARE JUDICIALLY DETERMINED TO BE STATE ACTORS)

### Plaintiff v. Defendants Greystar Development Services, LLC and Greystar Student Living Management Services, LLC

151.   The averments set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

152.   Alternatively, if Greystar and Greystar Student Living are determined to be state actors, Greystar and Greystar Student Living are liable for Jamain Allen Stephens' death pursuant to the exception of Commonwealth real estate, highways, and sidewalks applies under 42 Pa.C.S. § 8522(4).

153.   Defendants Greystar and Greystar Student Living are Commonwealth parties as defined by 42 Pa.C.S. § 8501.

35

154.     A Commonwealth party is shielded from liability because of sovereign immunity pursuant to 1 Pa.C.S. § 2310, unless the sovereign immunity is waived or an exception under 42 Pa.C.S. § 8522 applies.

155.     Sovereign immunity does not apply to the above-named Defendants because the exception of Commonwealth real estate, highways, and sidewalks applies under 42 Pa.C.S. § 8522(4).

156.     A dangerous condition of a Commonwealth party's real estate includes Commonwealth owned real property, Commonwealth possessed leaseholds, and real property leased by the Commonwealth party to private parties.

157.     Greystar and Greystar Student Living own properties that provide off campus leaseholds of real property to students at PennWest California.

158.     Greystar and Greystar Student Living owned Vulcan Village at or around the time Jamain Allen Stephens leased an apartment in Vulcan Village.

159.     Jamain Allen Stephens' apartment leased through Vulcan Village constituted a dangerous condition in the context of COVID-19 because the apartment was not equipped to offer proper protections to students from COVID-19 due to the existence of shared spaces where students were in contact with others and could not social distance, inadequate ventilation and inability to have separate spaces for positive/negative COVID-19 students.

160.     By requiring students, such as Jamain Allen Stephens, to return to campus if they lived in Vulcan Village, the Defendants exposed students to COVID-19 and any and all risks of the disease because Vulcan Village was not in proper condition to prevent or limit the spread of COVID-19.

161.    As a result of Defendants' decisions and the shortcomings of Vulcan Village's property, Jamain Allen Stephens was exposed to COVID-19 and died from complications of COVID-19.

162.    Therefore, the sovereign immunity exception of Commonwealth real estate, highways, and sidewalks applies under 42 Pa.C.S. § 8522(4). In sum, the real estate known as Vulcan Village was in an unsafe and improper condition such that the spread of COVID-19 could not be prevented and was exacerbated.

163.    As such, Greystar and Greystar Student Living owed Jamain Allen Stephens a duty of care because landlords must provide tenants with a safe, habitable living environment.

164.    Greystar and Greystar Student Living breached their duty of care to Jamain Allen Stephens in the following respects:

> a.    In failing to screen tenants for COVID-19, as pled herein;
>
> b.    In failing to require a negative COVID-19 test prior to moving into Vulcan Village, as pled herein;
>
> c.    In permitting multiple students to live together in close quarters without requiring COVID-19 testing and/or quarantining, as pled herein;
>
> d.    In failing to institute COVID-19 testing and screening procedures, despite the fact that a pandemic was occurring, as pled herein;
>
> e.    In failing to require masks as appropriate, as pled herein;
>
> f.    In failing to require students maintain social distancing, as pled herein;
>
> g.    In permitting Vulcan Village to remain open, as pled herein;
>
> h.    In failing to screen football players for COVID-19 before requiring them to live in Vulcan Village, which property was defective as to transmission, spread, and prevention of COVID-19, as pled herein;

i.  In requiring football players to live together at Vulcan Village despite the COVID-19 pandemic, as pled herein;

j.  In requiring football players to return to Vulcan Village despite the COVID-19 pandemic, as pled herein;

k.  In not suspending the football program in its entirety in August 2020 and before and instead requiring Jamain Allen Stephens to live in Vulcan Village, which property was defective as to transmission, spread, and prevention of COVID-19, as pled herein;

l.  In requiring Vulcan Village, a defective property, to be occupied by Jamain Allen Stephens, as pled herein;

m.  In failing to ensure that Vulcan Village, if occupied, had appropriate ventilation to prevent or limit the spread of COVID-19, as pled herein;

n.  In failing to ensure that Vulcan Village, if occupied, had appropriate spacing for social distancing, as pled herein; and

o.  In failing to ensure that Vulcan Village, if occupied, had appropriate separation to cohort positive/negative COVID-19 students, as pled herein.

165.  As a direct and proximate result of the negligent conduct of Defendants Greystar and Greystar Student Living, Jamain Allen Stephens died of COVID-19.

166.  As a result of the previously described negligent and/or reckless conduct of the above-named Defendants, Plaintiff seeks damages for the following items:

a.  Pain, suffering, inconvenience, anxiety, and nervousness of Jamain Allen Stephens, as related to the injuries he suffered as a result of the above-named Defendants' negligent conduct;

b.  Hospital and medical expenses incurred;

c.  Funeral expenses incurred; and

d.  Other losses and damages permitted by law.

WHEREFORE, the Plaintiff, Katelyn D. Edwards, as Administrator Pendente Lite of the Estate of Jamain Allen Stephens, Deceased, demands compensatory damages from Defendants Greystar Development Services, LLC, and Greystar Student Living Management Services, LLC, costs of suit, and any other relief this Honorable Court deems just and proper.

## COUNT XIII – WRONGFUL DEATH (IN THE ALTERNATIVE IF GREYSTAR AND GREYSTAR STUDENT LIVING ARE JUDICIALLY DETERMINED TO BE STATE ACTORS)

### Plaintiff v. Defendants Greystar Development Services, LLC and Greystar Student Living Management Services, LLC

167.    The averments set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

168.    Sovereign immunity does not apply to the above-named Defendants because of the reasons previously set forth in paragraphs 144 through 154.

169.    As a direct and proximate result of the negligent and careless conduct of Defendants Greystar and Greystar Student Living, Katelyn D. Edwards, on behalf of those persons entitled by law to recover for the wrongful death of Jamain Allen Stephens, have suffered the following injuries and damages:

a.    She/They have expended money for funeral and Estate expenses because of the death of Jamain Allen Stephens;

b.    She/They have been denied, and have forever lost, the services, assistance, guidance, counseling, companionship, and society of Jamain Allen Stephens;

c.    She/They have expended money for the hospital and medical treatment of Jamain Allen Stephens; and

d.    All other damages permitted by law.

WHEREFORE, the Plaintiff, Katelyn D. Edwards, as Administrator Pendente Lite of the Estate of Jamain Allen Stephens, Deceased, demands compensatory damages from Defendants

Greystar Development Services, LLC and Greystar Student Living Management Services, LLC,

costs of suit, and any other relief this Honorable Court deems just and proper.

**COUNT XIV – VIOLATIONS OF THE UNITED STATES CONSTITUTION UNDER FOURTEENTH AMENDMENT – DUE PROCESS CLAUSE PURSUANT TO 42 U.S.C. § 1983 – STATE CREATED DANGER DOCTRINE (IN THE ALTERNATIVE IF GREYSTAR AND GREYSTAR STUDENT LIVING ARE <u>JUDICIALLY DETERMINED TO BE STATE ACTORS)</u>**

**Plaintiff v. Defendants Greystar Development Services, LLC and Greystar Student Living Management Services, LLC**

170.    The averments set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

171.    Alternatively, if Greystar and Greystar Student Living are determined to be state actors, Greystar and Greystar Student Living are liable for Jamain Allen Stephens' death pursuant to violations of the United States Constitution's Due Process Clause, as it applies to the states through the Fourteenth Amendment. Specifically, the above-named Defendants are liable pursuant to 42 U.S.C. § 1983, under the State Created Danger Doctrine.

172.    Defendants Greystar and Greystar Student Living's policies regarding COVID-19 violated Jamain Allen Stephens' rights under the United States Constitution.

173.    Specifically, at all times relevant hereto, Jamain Allen Stephens possessed substantive and procedural due process rights to be free from state occasioned and/or created dangers which caused harm to his bodily integrity and human dignity and which are protected by the United States Constitution.

174.    Greystar and Greystar Student Living violated Jamain Allen Stephens' substantive due process rights by creating or increasing the risk of harm associated with COVID-19 through its policies and procedures regarding COVID-19.

175.    Jamain Allen Stephens' harm was foreseeable because COVID-19 is a very contagious, infectious disease and Defendants Greystar and Greystar Student Living permitted Jamain Allen Stephens to live in the defective real estate known as Vulcan Village, in a shared apartment with other students, where Jamain Allen Stephens was exposed to others who were infected with COVID-19.

176.    Moreover, Jamain Allen Stephens' harm was foreseeable because Greystar and Greystar Student Living chose to keep shared living spaces in Vulcan Village open to students who were required to return to campus.

177.    As a direct and proximate result of Greystar and Greystar Student Living requiring students to live together, not providing adequate housing to protect students from COVID-19, and failing to have instituted COVID-19 safety precautions, Jamain Allen Stephens suffered direct harm because he passed away from complications of COVID-19 pneumonia, including pulmonary thromboembolism.

178.    A relationship existed between Jamain Allen Stephens and the state because Jamain Allen Stephens had a contractual relationship with Greystar and Greystar Student Living, state actors that were providing housing to state university students.

179.    As pled herein, Greystar and Greystar Student Living affirmatively used its authority in a way that created a danger or rendered Jamain Allen Stephens more vulnerable to danger than if Greystar and Greystar Student Living had not acted at all because Greystar and Greystar Student Living permitted students/football players to live in shared and defective housing in Vulcan Village where students could be exposed to others that may be infected with COVID-19.

180.    As a direct and proximate result of the unconstitutional acts as described above, Jamain Allen Stephens was injured as previously described, suffered pain, distress, and died from COVID-19. As such, Jamain Allen Stephens has suffered damages and is entitled to recover the damages previously referenced as well as a reasonable award of counsel fees and costs pursuant to 42 U.S.C. § 1980.

WHEREFORE, the Plaintiff, Katelyn D. Edwards, as Administrator Pendente Lite of the Estate of Jamain Stephens, Deceased, demands compensatory damages from Defendants Greystar Development Services, LLC and Greystar Student Living Management Services, LLC, costs of suit, and any other relief this Honorable Court deems just and proper.

### COUNT XV – VIOLATIONS OF THE UNITED STATES CONSTITUTION UNDER THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE FOR INJURY TO HUMAN DIGNITY ENFORCEABLE PURSUANT TO 42 U.S.C § 1983 (IN THE ALTERNATIVE IF GREYSTAR AND GREYSTAR STUDENT LIVING ARE JUDICIALLY DETERMINED TO BE STATE ACTORS)

#### Plaintiff v. Defendants Greystar Development Services, LLC and Greystar Student Living Management Services, LLC

181.    The averments set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

182.    Alternatively, if Greystar and Greystar Student Living are determined to be state actors, Greystar and Greystar Student Living are liable to Jamain Allen Stephens' pursuant to violations of the United States Constitution's Due Process Clause, as it is applies to the states through the Fourteenth Amendment. Specifically, the above-named Defendants are liable pursuant to 42 U.S.C. § 1983, for injury to human dignity.

183.    The actions of Defendants Greystar and Greystar Student Living violated Jamain Allen Stephens' rights under the United States Constitution.

42

184.    Specifically, at all times relevant hereto, Jamain Allen Stephens possessed both substantive and procedural due process rights including, but not limited to, a liberty interest in his dignity as a human being.

185.    The above-named Defendants were acting by and through its agents, employees and servants, and at all times pertinent hereto, said agents, employees and servants were acting within their official capacity as managers, administrators, and/or employees at Greystar and Greystar Student Living, and therefore were acting under the color of state law. Their actions and inactions in depriving Jamain Allen Stephens of his Constitutional rights are subject to enforcement via 42 U.S.C. § 1983.

186.    The Defendants deprived Jamain Allen Stephens of his Constitutional rights by subjecting him and other students to a contagious, infectious virus, as pled herein.

187.    The Defendants' actions and/or inactions demonstrated an adopted practice, custom or policy of deliberate indifference to Jamain Allen Stephens' overall health, safety, and welfare, as pled herein.

188.    As a direct and proximate result of the unconstitutional acts as described above, Jamain Allen Stephens was injured as previously described, suffered pain, distress, and died from COVID-19. As such, Jamain Allen Stephens has suffered damages and is entitled to recover the damages previously referenced as well as a reasonable award of counsel fees and costs pursuant to 42 U.S.C. § 1980.

WHEREFORE, the Plaintiff, Katelyn D. Edwards, as Administrator Pendente Lite of the Estate of Jamain Stephens, Deceased, demands compensatory damages from Defendants Greystar Development Services, LLC and Greystar Student Living Management Services, LLC, as well as costs of suit and any other relief this Honorable Court deems just and proper.

**COUNT XVI – VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 (IN THE ALTERNATIVE IF GREYSTAR AND GREYSTAR STUDENT LIVING ARE <u>JUDICIALLY DETERMINED TO BE STATE ACTORS)</u>**

**Plaintiff v. Defendants Greystar Development Services, LLC and
Greystar Student Living Management Services, LLC**

189.     The averments set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

190.     Alternatively, if Greystar and Greystar Student Living are determined to be state actors, Greystar and Greystar Student Living are liable to Jamain Allen Stephens' for violating Jamain Allen Stephens' civil rights under the United States Constitution pursuant to 42 U.S.C. § 1983.

191.     Section 1983 provides that: "every person who, under color of [law] of any State . . . subjects, or causes to be subjected, any [person] to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ." 42 U.S.C. § 1983.

192.     A governmental entity may be held liable under 42 U.S.C. § 1983 if the execution of a government policy or custom caused the injury in question.

193.     Greystar and Greystar Student Living are Commonwealth parties as defined by 42 Pa.C.S. § 8501.

194.     Greystar and Greystar Student Living's actions violated Jamain Allen Stephens' rights under the United States Constitution (14th Amendment Due Process violations) because Greystar and Greystar Student Living's policies, customs, and procedures, or lack thereof,

regarding COVID-19 caused Jamain Allen Stephens to contract COVID-19 and subsequently die from the disease.

195.     Greystar and Greystar Student Living's COVID-19 policies, customs, and procedures were inadequate because Greystar and Greystar Student Living permitted students, like Jamain Allen Stephens, to live in shared living spaces with other students.

196.     Greystar and Greystar Student Living's COVID-19 policies, customs, and procedures were inadequate because Greystar and Greystar Student Living did not require tenants to test negative for COVID-19 and/or quarantine prior to moving into Vulcan Village.

197.     Moreover, Greystar and Greystar Student Living's COVID-19 policies, customs, and procedures were inadequate because Greystar and Greystar Student Living did not close its apartment building for the school year, but instead held it open for students to rent apartments.

198.     As a policy or custom, Greystar and Greystar Student Living intentionally, and with deliberate disregard to the health of Jamain Allen Stephens, prioritized its rental property income over the health of its tenants and therefore deprived Jamain Allen Stephens of his constitutional rights.

199.     The aforementioned deliberate indifference to its tenants' health was consistent with Greystar and Greystar Student Living's inadequate COVID-19 policies and procedures.

200.     Greystar and Greystar Student Living as a custom, policy, practice, or procedure, deprived Jamain Allen Stephens of his aforementioned Constitutional Rights as follows:

    a.      In failing to screen tenants for COVID-19, as pled herein;

    b.      In failing to require a negative COVID-19 test prior to moving into Vulcan Village, as pled herein;

    c.      In permitting multiple students to live together in close quarters without requiring COVID-19 testing and/or quarantining, as pled herein;

45

d.      In failing to institute COVID-19 testing and screening procedures, despite the fact that a pandemic was occurring, as pled herein;

e.      In failing to require masks as appropriate, as pled herein;

f.      In failing to require students maintain social distancing, as pled herein;

g.      In permitting Vulcan Village to remain open, as pled herein;

h.      In failing to screen football players for COVID-19 before requiring them to live in Vulcan Village, which property was defective as to transmission, spread, and prevention of COVID-19, as pled herein;

i.      In requiring football players to live together at Vulcan Village despite the COVID-19 pandemic, as pled herein;

j.      In requiring football players to return to Vulcan Village despite the COVID-19 pandemic, as pled herein;

k.      In not suspending the football program in its entirety in August 2020 and before and instead requiring Jamain Allen Stephens to live in Vulcan Village, which property was defective as to transmission, spread, and prevention of COVID-19, as pled herein;

l.      In not promulgating/enforcing/modifying policies and procedures designed to prevent COVID-19 transmission if the football program remained operational in August 2020 and before, as pled herein;

m.      In not consulting knowledgeable professionals as to the risks involved in keeping the football program operational in August 2020 and before, as pled herein;

n.      In requiring Vulcan Village, a defective property, to be occupied by Jamain Allen Stephens, as pled herein;

o.      In failing to ensure that Vulcan Village, if occupied, had appropriate ventilation to prevent or limit the spread of COVID-19, as pled herein;

46

p.      In failing to ensure that Vulcan Village, if occupied, had appropriate spacing for social distancing, as pled herein; and

q.      In failing to ensure that Vulcan Village, if occupied, had appropriate separation to cohort positive/negative COVID-19 students, as pled herein.

201.    As a direct and proximate result of the unconstitutional acts as described above, Jamain Allen Stephens was injured as previously described, suffered pain, distress, and died from COVID-19. As such, Jamain Allen Stephens has suffered damages and is entitled to recover the damages previously referenced as well as a reasonable award of counsel fees and costs pursuant to 42 U.S.C. § 1980.

WHEREFORE, the Plaintiff, Katelyn D. Edwards, as Administrator Pendente Lite of the Estate of Jamain Stephens, Deceased, demands compensatory damages from Defendants Greystar Development Services, LLC and Greystar Student Living Management Services, LLC, as well as costs of suit and any other relief this Honorable Court deems just and proper.

## PUNITIVE DAMAGES

202.    The actions of all the named Defendants detailed herein are outrageous, in that, with timely and proper COVID-19 interventions by said Defendants, Jamain Allen Stephens' death may have been avoided. It is evident that these Defendants acted with deliberate indifference and in a conscience shocking manner at all relevant times. Consequently, an award of punitive damages is necessary to punish these Defendants, as well as to inform them that the requirements of the United States Constitution apply to them.

## DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court grant her the following relief:

203.    A judgment against all Defendants, jointly and severally, awarding compensatory damages to the Plaintiff in an amount to be determined by a jury and/or the Court.

204.    A judgment against Defendants California University of Pennsylvania, Pennsylvania Western University f/k/a California University of Pennsylvania, Geraldine M. Jones, Jared Shiner, Gary W. Dunn, Karen Hjerpe, Greystar Development Services, LLC, and Greystar Student Living Management Services, LLC awarding punitive damages to the Plaintiff in an amount to be determined by a jury and/or the Court.

205.    A monetary award for attorneys' fees and the costs of this action.

206.    Any other relief that this Honorable Court deems to be just, proper, and equitable.

Respectfully submitted,

By:_____

Elizabeth A. Chiappetta, Esquire
PA I.D. No.: 205736

By:_____

Allison H. Greene, Esquire
PA I.D. No.: 325648

*Counsel for Plaintiff*

48

**IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA**

**Civil Division**

KATELYN D. EDWARDS, Administrator *Pendente Lite* of the Estate of JAMAIN ALLEN STEPHENS, Deceased and on behalf of all Wrongful Death Beneficiaries of JAMAIN ALLEN STEPHENS, Deceased,

        Plaintiff,

    vs.

CALIFORNIA UNIVERSITY OF PENNSYLVANIA; PENNSYLVANIA WESTERN UNIVERSITY f/k/a CALIFORNIA UNIVERSITY OF PENNSYLVANIA; GERALDINE M. JONES; STUDENT ASSOCIATION, INC.; GREYSTAR DEVELOPMENT SERVICES, LLC; GREYSTAR STUDENT LIVING MANAGEMENT SERVICES, LLC; JARED SHINER; GARY W. DUNN; and KAREN HJERPE,

        Defendants.

No.: 2022 - 6012

**VERIFICATION**

I verify that the averments of fact made in the foregoing COMPLAINT are true and correct and based on my personal knowledge, information or belief. I understand that averments of fact in said document are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsifications to authorities.

12/22/22
Dated

KATELYN D. EDWARDS

**IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA**

**Civil Division**

KATELYN D. EDWARDS, Administrator
*Pendente Lite* of the Estate of JAMAIN
ALLEN STEPHENS, Deceased and on behalf
of all Wrongful Death Beneficiaries of
JAMAIN ALLEN STEPHENS, Deceased,

       Plaintiff,

  vs.                                                                    No.: 2022 - 6012

CALIFORNIA UNIVERSITY OF PENNSYLVANIA;
PENNSYLVANIA WESTERN UNIVERSITY f/k/a
CALIFORNIA UNIVERSITY OF PENNSYLVANIA;
GERALDINE M. JONES; STUDENT ASSOCIATION,
INC.;GREYSTAR DEVELOPMENT SERVICES, LLC;
GREYSTAR STUDENT LIVING MANAGEMENT
SERVICES, LLC; JARED SHINER; GARY W.
DUNN; and KAREN HJERPE,

       Defendants.

**VERIFICATION**

     I verify that the averments of fact made in the foregoing COMPLAINT are true and correct

and based on my personal knowledge, information or belief. I understand that averments of fact in

said document are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn

falsifications to authorities.

12·19·22
  Dated                                                              KELLY ALLEN

**IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA**

**Civil Division**

KATELYN D. EDWARDS, Administrator *Pendente Lite*
of the Estate of JAMAIN ALLEN STEPHENS, Deceased
and on behalf of all Wrongful Death Beneficiaries of
JAMAIN ALLEN STEPHENS, Deceased,

    Plaintiff,

  vs.

              No.: 2022 - 6012

CALIFORNIA UNIVERSITY OF PENNSYLVANIA;
PENNSYLVANIA WESTERN UNIVERSITY f/k/a
CALIFORNIA UNIVERSITY OF PENNSYLVANIA;
GERALDINE M. JONES; STUDENT ASSOCIATION,
INC.; GREYSTAR DEVELOPMENT SERVICES,
LLC; GREYSTAR STUDENT LIVING
MANAGEMENT SERVICES, LLC; JARED SHINER;
GARY W. DUNN; and KAREN HJERPE,

    Defendants.

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that a true and correct copy of the foregoing COMPLAINT was served this

22nd day of December 2022, upon Defendants and/or their counsel, by first class United States

mail, postage pre-paid, and/or by electronic mail, addressed as follows:

| | |
|---|---|
| Henry J. Salvi, Sr. Deputy Attorney General<br>hsalvi@attorneygeneral.gov<br>Robert T. McDermott, Esquire<br>rmcdermott@attorneygeneral.gov<br>Office of Attorney General<br>1251 Waterfront Place, Mezzanine Level<br>Pittsburgh, PA 15222<br>*(Counsel for Defendants California University Of<br>Pennsylvania; Pennsylvania Western University f/k/a<br>California University Of Pennsylvania; Geraldine M.<br>Jones; Gary W. Dunn; and Karen Hjerpe)* | Alan T. Silko, Esquire<br>asilko@silkolaw.com<br>Silko & Associates, P.C.<br>80 Emerson Lane<br>Suite 1305<br>Bridgeville, PA 15017<br>*(Counsel for Student Association, Inc.)* |

Christopher P. Kelly, Esquire
ckelly@rebarkelly.com
Rebar Kelly
470 Norristown Road
Suite 201
Blue Bell, PA 19422
*(Counsel for Greystar Student Living Management
Services, LLC)*

Greystar Development Services, LLC
c/o CT Corporation System
600 North Street
Suite 401
Harrisburg, PA 17101

Jared Shiner
250 University Boulevard
California, PA 15419

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES, P.C.

By:
ELIZABETH A. CHIAPPETTA, ESQUIRE
Counsel for Plaintiff

# IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

## Civil Division

KATELYN D. EDWARDS, Administrator
*Pendente Lite* of the Estate of JAMAIN
ALLEN STEPHENS, Deceased and on behalf
of all Wrongful Death Beneficiaries of
JAMAIN ALLEN STEPHENS, Deceased,

      Plaintiff,

  vs.

CALIFORNIA UNIVERSITY OF
PENNSYLVANIA; PENNSYLVANIA
WESTERN UNIVERSITY f/k/a
CALIFORNIA UNIVERSITY OF
PENNSYLVANIA; GERALDINE M.
JONES; STUDENT ASSOCIATION, INC.;
GREYSTAR DEVELOPMENT SERVICES,
LLC; GREYSTAR STUDENT LIVING
MANAGEMENT SERVICES, LLC; JARED
SHINER; GARY W. DUNN; and KAREN
HJERPE,

      Defendants.

No.: 2022 - 6012

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Elizabeth Chiappetta, Esquire

Signature:

Attorney No.:  205736