IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATELYN D. EDWARDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA UNIVERSITY OF PENNSYLVANIA, PENNSYLVANIA WESTERN UNIVERSITY, GERALDINE M. JONES, STUDENT ASSOCIATION, INC., GREYSTAR DEVELOPMENT SERVICES, LLC, GREYSTAR STUDENT LIVING MANAGEMENT SERVICES, LLC, JARED SHINER, GARY W. DUNN, KAREN HJERPE,<br><br>　　　　　Defendants. | 2:23-CV-00086-CCW |

**REMAND ORDER**

On January 18, 2023, Defendants removed this case from the Washington Count Court of Common Pleas. ECF No. 1. Defendants invoked this Court's federal question jurisdiction as the basis for removal, citing Plaintiff Katelyn D. Edwards' claims brought under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1331. Although Ms. Edwards' complaint included state law claims, Defendants did not invoke the Court's diversity jurisdiction, which would have been unavailable because the parties are not completely diverse. *See id.* § 1332; *See generally* ECF Nos. 1, 1-2.

Since the date of removal, the Court has dismissed with prejudice all of the claims presenting a federal question—Counts III, IV, and V of the Amended Complaint. First, in ruling on several motions to dismiss, the Court dismissed those Counts as to California University of Pennsylvania, Pennsylvania Western University, Geraldine M. Jones, Gary W. Dunn, Karen Hjerpe, and Student Association, Inc. *See* ECF Nos. 48, 49. Second, the Court *sua sponte*

dismissed Counts III and IV as to sole remaining defendant named in those Counts—Jared Shiner—after concluding that the claims failed as to Mr. Shiner for the same reasons they failed as to the other Defendants. See ECF No. 56.

Without any claims presenting a federal question, the Court finds it appropriate to decline to exercise supplemental jurisdiction over Ms. Edwards' state law claims and to remand this case to state court. See Dirauf v. Berger, 57 F.4th 101, 107–08 (3d Cir. 2022) (district court may remand case upon declining to exercise supplemental jurisdiction). Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." In exercising its discretion under § 1367(c)(3), the district court considers "principles of judicial economy, convenience, fairness, and comity." Annulli v. Panikkar, 200 F.3d 189, 202 (3d Cir. 1999), overruled on other grounds by Rotella v. Wood, 528 U.S. 549 (2000); see generally United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Here, the Court has dismissed all claims over which it had original jurisdiction—those brought under § 1983. And in light of the fact that this case has been pending in federal court for only 7 months, during which the Court has not considered Ms. Edwards' state law claims, the Court finds that "principles of judicial economy, convenience, fairness, and comity" favor a remand to state court. It is THEREFORE ORDERED that this case is REMANDED FORTHWITH to the Washington County Court of Common Pleas.

DATED this 23rd day of August, 2023.

                                            BY THE COURT:

                                            <u>/s/ Christy Criswell Wiegand</u>
                                            CHRISTY CRISWELL WIEGAND
                                            United States District Judge

cc (via ECF email notification):

All Counsel of Record